**UNITED STATES**

v.

**Johnathan W. MURRAY, 339 66 3212, Gunner's Mate (Guns) Third Class (E–4), U.S. Navy.**

**NMCM 90 0164.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 26 July 1989.

Decided 29 June 1990.

LCDR P. McNeill Jones, JAGC, USN, Appellate Defense Counsel.

Lt. Debra R. Sandifer, JAGC, USNR, Appellate Defense Counsel.

CDR T.W. Osborne, JAGC, USN, Appellate Government Counsel.

Before MCLERAN, FREYER and RUBENS, JJ.

FREYER, Judge:

In this case, submitted to us without assignment of error, the appellant was found guilty, in accordance with his pleas, of, *inter alia,* larceny of an automated teller machine (ATM) card and conspiracy to make a false official statement. The other party to the conspiracy, one Hillyard, was the owner of the ATM card which the appellant had allegedly stolen, and the allegedly false official statement was to be that Hillyard had left the ATM card in the appellant's jacket pocket. This statement, which the providence inquiry clearly indicates that Hillyard did not believe to be

true, was intended to avert the appellant's being charged with larceny of the ATM card.

The providence inquiry on the larceny charge, however, tells a very different story. The plea was based on a withholding theory, and the inquiry includes this:

MJ: How did you get possession of this card?

ACC: Well, sir, it was inside of my jacket pocket, my foul weather jacket, and at that time when I had put the jacket on that morning, I didn't notice it in there until that evening when I had gotten home, and I was going to wash the jacket, I had wore [sic] the jacket off base and wore it home that evening, along with my uniform. When I got home I realized that it was in there, and I had taken [sic] it out. I was going to bring it back, but at the time Hillyard was UA.

MJ: It sounds like apparently sometime before that Hillyard must have borrowed your jacket or something and maybe put the card in there. Is that probably what happened, or do you know?

ACC: Yes, sir—well, I'm not sure. He had never came [sic] to me and voluntarily asked me to use my jacket, but my jacket had been sitting out inside of the berthing, it had been hanging on the end of my rack, so he could have used it at one time.

MJ: And evidently left the card in there?

ACC: Yes, sir.

On this state of the record, it appears both that the statement the appellant asked Hillyard to make may well have been true, and that the appellant did not then believe that it was false. Had Hillyard made the requested statement believing it to be false when, in fact, it was true, Hillyard would, at most, have been guilty of an attempt to make a false official statement. Meanwhile, the appellant, believing that the statement might well be true, would know that he, himself, was likely agreeing to only an attempt to make a false official statement, but that Hillyard was agreeing to make a false official statement. Thus, to the appellant's knowledge, there was not a meeting of the minds as to the target offense.

Construing the providence inquiry most favorably to the appellant, we are satisfied that the appellant at least wrongfully solicited Hillyard to make what the appellant knew that Hillyard believed was a false official statement; in other words, that the appellant wrongfully solicited Hillyard to attempt to make a false official statement; and that such solicitation was prejudicial to good order and discipline in the armed forces. We also believe that such a solicitation is fairly embraced within the allegation of conspiracy. *See United States v. Carter*, 30 M.J. 179 (C.M.A.1990).

Accordingly, only so much of the finding of guilty of the Specification of Additional Charge I is affirmed as finds that the appellant did, on board U.S.S. Lexington, located at Naval Air Station, Pensacola, Florida, on or about 31 March 1989, wrongfully solicit Seaman Apprentice Timothy W. Hillyard, U.S. Navy, to attempt to make a false official statement by asking the said Hillyard to make to Naval investigators, with intent to deceive, an official statement, to wit: that he, Hillyard, had left his automated teller machine card in the appellant's jacket pocket, which statement the said Hillyard did not believe to be true, and the appellant then well knew that the said Hillyard did not believe to be true, in violation of Article 134, 10 U.S.C. § 934, vice 107.

The remaining findings of guilty are affirmed. The sentence has been reassessed in accordance with *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), and only so much thereof, as approved on review below, is affirmed as provides for reduction to pay grade E-1, forfeiture of all pay and allowances, confinement for 21 months, and a bad-conduct discharge.

Senior Judge MCLERAN and Judge RUBENS concur.

Judge RUBENS took final action in this case prior to his transfer on 15 June 1990.